AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| United States of America<br>v.<br>Leandrew Cody Velarde<br>Year of birth: 2003<br><br>*Defendant(s)* | Case No. **25mj2898** |

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __7/21/2025__ in the county of __Rio Arriba__ in the _____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1153<br>18 U.S.C. § 30-6-1(D) | Crimes committed in Indian Country,<br>N.M. STAT. ANN. § 30-6-1(D): Abandonment and Abuse of a Child, Recklessly Caused, Resulting in Great Bodily Harm. |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Courtney S. Gale, Special Agent
*Printed name and title*

Telephonically sworn and electronically signed.

Date: __07/23/2025__

*Judge's signature*

City and state: __Albuquerque, New Mexico__ — Jennifer M. Rozzoni, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>VS<br><br>Leandrew Cody Velarde<br>Year of birth: 2003 | Case No. _____<br><br>AFFIDAVIT IN SUPPORT OF<br>PROBABLE CAUSE ARREST |

**AFFIDAVIT IN SUPPORT OF A PROBABLE CAUSE ARREST**

I, Courtney S. Gale, being duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit is made in support of a Criminal Complaint and an Arrest Warrant for Leandrew Cody Velarde (hereinafter referred to as VELARDE), year of birth 2003.

2. I am currently serving as an FBI Special Agent assigned to the FBI, Albuquerque Division, Farmington Resident Agency, where I primarily investigate crimes that occur in Indian Country to include homicide, aggravated assault, child sexual assault, kidnapping and rape. I have been with the FBI for approximately three years. I received on the job training from other experienced agents, detectives, Indian Country criminal investigators, and tribal police officers. My investigative training and experience include, but is not limited to, processing crime scenes, conducting surveillance, interviewing subjects and witnesses, writing affidavits for executing search warrants and arrest warrants, examining cellular telephones, managing confidential human sources and cooperating witnesses/defendants, serving subpoenas, collecting evidence and analyzing public records.

3. This affidavit is based upon information reported to me by other federal, state, tribal and local law enforcement officers during the course of their official duties. Throughout this affidavit, reference will be made to law enforcement officers. Law enforcement officers are

1

those federal, state, and local law enforcement officers who have directly participated in this investigation. This affidavit is also based upon information gained from interviews with cooperating witnesses, whose reliability is established separately herein.

4. Based on my training, experience, and the facts set forth in this affidavit, there is probable cause to believe that VELARDE violated federal criminal statutes 18 U.S.C. § 1153, crimes committed in Indian Country, N.M. STAT. ANN. § 30-6-1(D): Abandonment and Abuse of a Child, Recklessly Caused, Resulting in Great Bodily Harm.

5. Because this affidavit is being submitted for the limited purpose of securing authorization for a Criminal Complaint and Arrest Warrant, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are sufficient to establish probable cause to obtain the requested warrant.

**TERRITORIAL JURISDICTION AND CRIMINAL STATUTORY ELEMENTS**

6. Title 18 U.S.C. § 1153 provides for federal criminal jurisdiction under the following circumstances:

    a. Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, a felony assault under section 113, an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

    b. Any offense referred to in subsection (a) of this section that is not defined and punished by Federal law in force within the exclusive jurisdiction of the

2

United States shall be defined and punished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense.

7. N.M. STAT. ANN. § 30-6-1(D): Abandonment and Abuse of a Child, Recklessly Caused, Resulting in Great Bodily Harm contains the following elements:

   a. Defendant did knowingly, intentionally, or negligently, and without justifiable cause, cause or permit Jane Doe to be placed in a situation that may have endangered the child's life or health;

   b. The abuse resulted in great bodily harm to Jane Doe;

   "Great bodily harm" means an injury to a person which results in serious disfigurement or results in loss of any member or organ of the body or results in permanent or prolonged impairment of the use of any member or organ of the body. NM UJI 14-131

   c. Jane Doe is a child under the age of 18;

## FACTS AND CIRCUMSTANCES ESTABLISHING PROBABLE CAUSE

8. On July 21, 2025, the Farmington Resident Agency of the FBI was notified by Jicarilla Police Department of Criminal Investigations (JPDCI) of a woman (hereinafter referred to as JANE DOE), a minor, year of birth 2010, was shot in Dulce, New Mexico and flown via Life Flight to San Juan Regional Medical Center (SJRMC) in Farmington with injuries.

9. JANE DOE was interviewed by law enforcement on July 21, 2025 at SJRMC. It was learned JANE DOE was in a vehicle with her sister, (hereinafter referred to as N.C.), year of birth 2008, in Dulce, NM. N.C. was driving and JANE DOE was in the front passenger seat. N.C. saw their brother VELARDE on the side of the road and picked him up. VELARDE appeared to be intoxicated and started to argue with N.C. about going home. VELARDE called

3

JANE DOE and N.C. "snitches." JANE DOE heard a loud bang followed by pain to her buttocks area. N.C. stopped the vehicle, and JANE DOE grabbed her phone to call 911. VELARDE grabbed JANE DOE's phone from her and threw it on the dashboard of the vehicle. VELARDE asked JANE DOE if she was okay and "where did I hit you?" VELARDE flipped JANE DOE over and got JANE DOE's blood on him. JANE DOE told him to go away and get help. VELARDE told JANE DOE he had to go. VELARDE walked away and turned up the street.

10. JANE DOE was Life Flighted to SJRMC for her injuries. The injuries JANE DOE sustained during the incident were a penetration wound on her left superior gluteal region where the bullet entered and on her left inferior gluteal region, where the bullet exited. The bullet passed through muscle tissue and JANE DOE was instructed by doctors to walk with crutches for an unknown amount of time. JANE DOE experienced the most pain she has ever felt during the incident.

11. JANE DOE believed VELARDE to be intoxicated when N.C. and JANE DOE found him on the sidewalk. VELARDE wanted to stay and play basketball at the park, but N.C. wanted VELARDE to go home and sober up. N.C. did not want VELARDE to get into trouble with the police.

12. JANE DOE witnessed a firearm on VELARDE's bed at his house earlier that same day. JANE DOE heard N.C. telling VELARDE to put the gun away earlier that same day before the incident.

13. Jicarilla Police Department (JPD) officers located VELARDE near Hawks Drive, Dulce, NM on foot. VELARDE was taken into custody without incident. JPD officers located a black Glock generation 5 firearm with a stove pipe near the scene of the crime in the grass. In VELARDE's possession was a blue Apple iPhone, user amount of marijuana, and a bottle

of liquor. The firearm, spent shell casing, and cellphone items were seized and later transferred to FBI evidence pending laboratory analysis.

14. The reported incident took place on Hawks Drive Dulce, New Mexico, GPS coordinates 36°56'46.9"N 106°59'15.5"W, which is within the exterior boundaries of the Jicarilla Apache Nation.

15. VELARDE and JANE DOE are certified member of the Jicarilla Apache Nation.

## CONCLUSION

16. Based on my training, experience, and the facts as set forth in this affidavit, your affiant submits there is probable cause to believe VELARDE violated federal criminal statutes, 18 U.S.C. § 1153, crimes committed in Indian Country, N.M. STAT. ANN. § 30-6-1(D): Abandonment and Abuse of a Child, Recklessly Caused, Resulting in Great Bodily Harm

17. Assistant United States Attorney Nicholas Marshall reviewed and approved this affidavit for legal sufficiency to establish probable cause.

Electronically SUBSCRIBED and telephonically SWORN to me on July 22, 2025.

Courtney S. Gale
Special Agent
Federal Bureau of Investigation

Subscribed and sworn telephonically before me on July 23, 2025.

Jennifer M Rozzoni
United States Magistrate Judge