# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

    v.                                 CR No.: 1:26-00130 DHU

LEANDREW VELARDE,

      Defendant.

## <u>PRELIMINARY ORDER OF FORFEITURE</u>

The United States of America moves for a preliminary forfeiture order forfeiting to the United States certain property. (Doc. 32).  After reviewing the record and applicable law, the Court GRANTS the United States' Motion for a Preliminary Order of Forfeiture and makes the following findings and enters the following orders.

1.     The Court finds that in his plea agreement, Defendant Leandrew Velarde agreed to the immediate administrative, civil, or criminal forfeiture to the United States of all of the Defendant's right, title, and interest in the property and consented to the prompt entry of a preliminary order of forfeiture and entry of a final order of forfeiture, pursuant to Fed.R.Crim.P. 32.2, without further notice to the Defendant.

2.     The Court orders preliminary forfeiture of the following property:

   A.  Black Glock, 900, Gen 5, Serial Number BXPC508

(hereafter referred to as "Subject Property").

3.     The Court further finds that the Subject Property was involved in or used to facilitate the commission of the crimes(s) of conviction, and accordingly, the Subject Property is forfeitable to the United States pursuant to 18 U.S.C. § 924(d).

1

4.      Pursuant to Fed. R. Crim. P. 32.2(b)(3), the United States is authorized to seize the Subject Property, should it not have already done so.

5.      Upon the entry of this Order, the United States shall post to www.forfeiture.gov, for a period of thirty consecutive days, notice of this Order, notice of the United States' intent to dispose of the property according to law, and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with this Court within thirty days of the final publication of notice or receipt of actual notice, whichever is earlier.

6.      Further, the notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property, and any additional facts supporting the petitioner's claim and the relief sought.  The United States may also, to the extent practicable, provide written notice to any person known to have alleged an interest in the forfeited property.

7.      Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

8.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture.

9.      The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P 32.2(e).

_____
DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

SUBMITTED BY:

_____
STEPHEN R. KOTZ
Assistant U.S. Attorney